UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ABDUL MALIK ABDUL KAREEM,

                    Plaintiff,

          -against-

WARDEN J. JAMISON, MEDICAL-
CLINICAL DIRECTOR E. MACE-LEIBSON,
UNKNOWN UNIT OFFICER,

                    Defendants.

26-CV-4260 (LTS)

ORDER DIRECTING UPDATED
PRISONER AUTHORIZATION

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is currently incarcerated at Edgefield Federal Correctional Institution,

brings this action *pro se*. To proceed with a civil action in this Court, a prisoner must either pay

$405.00 in fees – a $350.00 filing fee plus a $55.00 administrative fee – or, to request permission

to proceed without prepayment of fees, submit a signed IFP application and a prisoner

authorization. *See* 28 U.S.C. §§ 1914, 1915. If the Court grants a prisoner's IFP application, the

Prison Litigation Reform Act requires the Court to collect the $350.00 filing fee in installments

deducted from the prisoner's account. *See* 28 U.S.C. § 1915(b)(1). A prisoner seeking to proceed

in this Court without prepayment of fees must therefore also authorize the Court to withdraw

these payments from his account by filing a "prisoner authorization," which directs the facility

where the prisoner is incarcerated to deduct the $350.00 filing fee[1] from the prisoner's account

in installments and to send to this Court certified copies of the prisoner's account statements for

the past six months. *See* 28 U.S.C. § 1915(a)(2), (b).

---

[1] The $55.00 administrative fee for filing a civil action does not apply to persons granted
IFP status under 28 U.S.C. § 1915.

On May 15, 2026, Plaintiff initially filed this action in the United States District Court for the Northern District of New York, submitting a prisoner authorization form that authorizes only the Northern District of New York to deduct funds from Plaintiff's account. Then, on May 20, 2026, the Northern District of New York transferred the action to this Court without ruling on Plaintiff's IFP application. Therefore, within thirty days of the date of this order, Plaintiff must either pay the $405.00 in fees or complete and submit the attached prisoner authorization form. If Plaintiff submits the prisoner authorization form, it should be labeled with docket number 26-CV-4260 (LTS).[2]

No summonses shall issue at this time. If Plaintiff complies with this order, the case shall be processed in accordance with the procedures of the Clerk's Office. If Plaintiff fails to comply with this order within the time allowed, the action will be dismissed.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444–45 (1962) (holding that appellant demonstrates good faith when seeking review of a nonfrivolous issue).

SO ORDERED.

Dated:   May 28, 2026
         New York, New York

                                    /s/ Laura Taylor Swain
                                    LAURA TAYLOR SWAIN
                                    Chief United States District Judge

---

[2] Plaintiff is cautioned that if a prisoner files an action that is dismissed as frivolous or for failing to state a claim, the dismissal is a "strike" under 28 U.S.C. § 1915(g). A prisoner who receives three "strikes" cannot file actions *in forma pauperis* as a prisoner, unless he is under imminent danger of serious physical injury, and must pay the filing fee at the time of filing any new action.